IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK MANN,

    Plaintiff,
v.                                        CASE NO. 1:17-cv-241-AW-GRJ

E. PEREZ PEREZ, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is now represented by counsel. ECF No. 71 (notice of appearance by Gary Lee Printy). Plaintiff alleges that Defendants violated his Eighth Amendment rights in connection with the diagnosis and treatment of Plaintiff's colon cancer. *See* ECF No. 85-1 (proposed Third Amended Verified Complaint).

Now pending before the Court are the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants C. Calderon, E. Perez Perez, and M. Remirez. ECF Nos. 75, 76. As grounds for dismissal, Defendants contend that Plaintiff failed to exhaust administrative remedies regarding his

claims prior to filing suit. Defendants also contend that Plaintiff's *pro se* Amended Complaint (ECF No. 10) fails to state a claim for relief in other respects. Plaintiff, through counsel, has filed an unopposed motion for leave to file a Third Amended Complaint. ECF No. 85. The Court finds that Plaintiff's motion is due to be granted, and therefore Defendants' motions to dismiss are moot except with respect to their exhaustion argument. For the reasons discussed below, the undersigned recommends that Defendants' motions to dismiss for failure to exhaust administrative remedies be denied.

## I. DISCUSSION

### A. PLRA Exhaustion Requirement

Under § 1997e(a) of the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a); *see also Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *Jones v. Bock*, 549 U.S. 199, 211 (2002). The requirement to exhaust "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating[.] [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024–25 (7th Cir. 2002)).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008.) Accordingly, "[a] district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009).

Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step analysis as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *Whatley v. Warden*, 802 F.3d 1205, 1211–12 (11th Cir. 2015) (at first *Turner* step, district court must accept plaintiff's facts as true "and make the exhaustion determination on [plaintiff's] view of facts"). If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *Whatley*, 802 F.3d at 1213 (defendants' contention that plaintiff's exhibits were fabricated created a factual dispute that required explicit findings under the second *Turner* step; such findings are subject to review on appeal for clear error).

### B.  *FDOC's Inmate Grievance Process*

In Florida, the procedural rules an inmate must follow in order to properly exhaust administrative remedies are promulgated by the Florida

Department of Corrections and contained the Florida Administrative Code. See Fla. Admin. Code Chapter 33-103 ("Inmate Grievances").

To properly grieve an issue, an inmate must file a written informal grievance using Form DC6-236, (Rule 33–103.005). If the inmate is dissatisfied with the result of the informal grievance, he must next file a written formal grievance with the Warden's office using Form DC1-303, (Rule 33–103.006). Finally, if the inmate feels that the grievance has still not been satisfactorily resolved, he must submit a written appeal to the State Office of the Secretary ("Central Office") using Form DC1-303. (Rule 33–103.007). *See e.g. Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).  (Rules 33-103.005, 33-103.006, and 33-103.007).

The rules also establish strict time frames for inmates to file grievances. Pursuant to Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of the when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either: (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)). Direct grievances to the Central Office must also be

received within 15 days from the date on which the incident or action being grieved occurred. (*See* Rule 33-103.011(1)(d)).

Grievance appeals to the Office of the Secretary "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Rule 33-103.011(1)(c). To eliminate issues with mailing, the rules make provisions for appeals to the Secretary to be receipted locally at the institution/facility. *See* Rule 33-103.006(8).

### C.  *Defendants' Evidence and Analysis*

Defendants rely on the following evidence in support of their motions to dismiss. Although Plaintiff has filed numerous grievances during his incarceration, only one concerned the medical claims underlying the Complaint. On November 30, 2016, Plaintiff filed a formal grievance at the institutional level. ECF No. 74-1 at 1-2. The grievance was responded to by RMC-Lake Butler Medical Director A. Ladele and signed by the Warden on December 19, 2016. *Id.* at 3. Plaintiff then submitted an appeal to the FDOC Secretary. *Id.* at 4. Plaintiff's appeal is dated January 5, 2017 and is stamped "received" by the Inmate Grievance Appeals office on January 9, 2017. *Id.* On June 28, 2017, Plaintiff's appeal was "returned without action" with the explanation that it was not "received in the Office of the Secretary within 15 calendar days of the institutional response." *Id.* at 5. Defendants

contend that because Plaintiff's appeal was filed more than 15 days after the December 19, 2016, grievance denial and was rejected by the FDOC as untimely, Plaintiff failed to exhaust his administrative remedies as required by the PLRA and therefore his claims cannot proceed in this Court. *See* ECF. No. 75 at 11.

In opposition to the motions, Plaintiff relies on the allegations in his Third Amended Verified Complaint. Plaintiff contends that the denial of his institutional-level grievance was not received by him until January 4, 2017, 16 days after it was denied. Plaintiff argues that his appeal to the Secretary, which was filed the next day, is therefore timely. ECF No. 85-1 at 11-12.

At the first step of the *Turner* analysis, the Court must accept Plaintiff's assertion as true and make the exhaustion determination on Plaintiff's view of facts. *Whatley*, 802 F.3d at 1211–12). Further, regarding grievance appeals, the Eleventh Circuit has explained that to exhaust his administrative remedies, a plaintiff is "required to appeal the denial of his formal grievance within fifteen days of the date he *received notice that the formal grievance was denied*." *Jackson v. Griffin*, 762 F. App'x 744, 745 (11th Cir. 2019) (emphasis added) (citing Fla. Admin. Code § 33-103.011(1)(c) (providing that such appeals "must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate")).

Here, Plaintiff avers that he did not receive notice that his formal grievance was denied until January 4, 2016, and he immediately thereafter submitted an appeal. ECF No. 85-1 at 11. Accepting this assertion as true, as the Court must, Defendants are not entitled to have the Complaint dismissed for failure to exhaust at the first step of the *Turner* analysis.

The Court further finds that Defendants have failed to meet their burden under the second step of the *Turner* analysis. *See Whatley*, 802 F.3d at 1209. Other than the appeal form that Plaintiff submitted on January 5, 2017, and the FDOC's rejection of the appeal as untimely six months later, Defendants have provided no evidence to contradict Plaintiff's sworn assertion that he timely submitted his appeal within 15 days of receiving notice of the denial of his formal grievance. Accordingly, in light of the evidence available to the Court, Defendants' motions are due to be denied.

### III.  CONCLUSION

It is therefore **ORDERED** that Plaintiff's unopposed motion for leave to file the Third Amended Complaint, ECF No. 85, is **GRANTED.** The Court will, by separate order, direct service of process upon Defendants Centurion of Florida, LLC, and Corizon Health, Inc.

It is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss for failure to exhaust, ECF Nos. 75 and 76, should be **DENIED,** and that in

view of the filing of the Third Amended Complaint the remaining grounds for dismissal should be deemed moot.

**IN CHAMBERS** this 27th day of December 2019

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.