UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK MANN,

      Plaintiff,

v.                                                                   Case No.1:17-cv-00241-MW-GRJ

DR. C. CALDERON, et al.,

      Defendants.

_____

## THIRD AMENDED VERIFIED COMPLAINT
## AND DEMAND FOR JURY TRIAL

PLAINTIFF MARK MANN, (hereinafter "Plaintiff," or "MANN"), by and through undersigned counsel, files this Third Amended Verified Complaint and Demand for Jury Trial against DEFENDANTS, CENTURION OF FLORIDA, LLC, a Florida limited liability company (hereinafter "CENTURION"), CORIZON HEALTH, INC., a foreign corporation (hereinafter 'CORIZON), ELVIRA ESTHER PEREZ PEREZ, M.D., Site Medical Director (hereinafter "DR. PEREZ PEREZ"), MARIO JOSE REMIREZ, ' P.A., Physician's Assistant (hereinafter "PHYSICIAN'S ASSISTANT REMIREZ"), and CESAR A. CALDERON-GONZALEZ, M.D.,

(hereinafter DR. CALDERON-GONZALEZ), each in their individual capacities, and alleges:

## INTRODUCTION

1.  This is an action for compensatory and punitive damages alleging that the Defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference to the recognized rights of the Plaintiff MARK MANN, while he was incarcerated at Holmes Correctional Institution, located at 3142 Thomas Drive, Bonifay, Florida 32425-0190, beginning on May 14, 2014.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 in that this is a civil action arising under the Constitutional and Laws of the United States.

3.  Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(A)(3), in that this action seeks to redress the deprivation, under color of state law, of rights as secured to MANN by the Eighth and Fourteenth Amendments to the United States Constitution. MANN's claims for relief are predicated upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color

2

of state law, of rights, privileges and immunities secured to MANN by the Constitution and Laws of the United States and by 42 U.S.C. § 1988 which authorizes the award of attorney fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983. MANN has fully exhausted his administrative remedies.

### PARTIES

4.     The Plaintiff, MARK MANN (hereinafter "MANN"), at all times material to this action, was initially a resident of Holmes County, Florida, incarcerated at Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, Florida 32425-0190, from May 2014, to July 15, 2014, and has been a resident of Volusia County, Florida, since July 16, 2014, while incarcerated at Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, Florida 32124-1098.

5.     The Defendant, CORIZON HEALTH, INC. (hereinafter "CORIZON"), at all times material is a foreign corporation and managed health care provider, whose principal address is 103 Powell Court, Brentwood, TN 37027.

3

6.     The Defendant, CENTURION OF FLORIDA, LLC, (hereinafter "CENTURION"), at all times material is a managed health care provider, whose principal address is 7700 Forsythe Blvd., St. Louis, MO 63105.

7.     The Defendant, ELVIRA ESTHER. PEREZ PEREZ, M.D. (hereinafter "DR. PEREZ PEREZ"),was a medical doctor employed by CORIZON HEALTH, INC., through their contract with the Florida Department of Corrections and the Site Medical Director at Holmes Correctional Institution, Bonifay, Florida.  DR. PEREZ PEREZ is sued in her individual capacity.  At all times material to this action DR. PEREZ PEREZ was acting under color of state law.

8.     The Defendant, MARIO JOSE REMIREZ, JR., P.A. (hereinafter "PHYSICIAN'S ASSISTANT REMIREZ"), at all times material to this action, was a Physician's Assistant employed by the State of Florida Department of Corrections at Tomoka Correctional Institution, Daytona Beach, Florida 32124-1098. PHYSICIAN'S ASSISTANT REMIREZ is sued in his individual capacity.  At all times material to this action  PHYSICIAN'S ASSISTANT REMIREZ was acting under color of state law.

4

9.     The Defendant, CESAR A. CALDERON-GONZALEZ, M.D. (hereinafter "DR. CALDERON-GONZALEZ"), at all times material to this action, was a Medical Doctor employed by the Department of Corrections at Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, Florida 32124-1098.  DR. CALDERON-GONZALEZ is sued in his individual capacity.

## STATEMENT OF FACTS

10.     On May 14, 2014, while incarcerated at Holmes Correctional Institution, MANN used the toilet and found he had filled it with blood.  After using the toilet again, and seeing the same results, he declared a medical emergency and was taken to medical.  Upon arriving at medical, MANN informed a nurse what the problem was and he was told to "show" them by using the toilet and letting the blood remain. MANN did  and afterwards he was told to wait to see the doctor.  DR. PEREZ PEREZ came and asked what was going on and then examined MANN's rectum.   After the rectal examination, MANN was then admitted to the Infirmary.

11.     Upon entering the Infirmary, MANN was placed on an IV and his toilet was monitored for blood.  MANN stayed in the Infirmary for about a

week-and-a-half and during this time, he received an X-ray and had blood drawn a few times.  DR. PEREZ PEREZ told MANN two things: 1) that she was submitting a request for him to undergo a colonoscopy, but she didn't know if it would be approved or not, and 2) DR. PEREZ PEREZ told MANN to sign up for sick call, if he started having problems again.

12.    MANN never was given a colonoscopy by any doctor.  Instead, his serious, medical condition was ignored by the staff and he was placed back in open population on May 23, 2014.

13.    On or about July 15, 2014, MANN was transferred from Holmes Correctional Institution to Tomoka Correctional Institution.

14.    During his time at Tomoka Correctional Institution, MANN would continue to experience occasional blood and gastrointestinal pain, so in early January 2015, he put in for sick call in order to determine what the problem was.  Once again, blood was taken and MANN was given an X-ray, but nothing else was done. MANN was provided no further information as to what the problem was that he was experiencing and simply told to sign up for sick if he needed to talk to the nurses.

15.    This time MANN also was examined by DR. CALDERON and PHYSICIAN'S ASSISTANT REMIREZ.  Neither of them made any effort to treat MANN's serious, medical condition. PHYSICIAN'S ASSISTANT REMIREZ said it was his appendix and  Gastroesophageal reflux disease (GERD), which  was causing MANN's pain.

16.    Neither PHYSICIAN'S ASSISTANT REMIREZ or CALDERON ordered a colonoscopy for MANN, even though they were aware that he already had a well-established history of passing blood combined with gastrointestinal pain. When he inquired about the possibility of a colonoscopy, he was never given an answer.

17.    From March 19, 2015, to May 22, 2016, MANN repeatedly requested medical care for his serious, medical condition, and he was not seen by a doctor or given any medical attention at all.  This was so, in spite of the fact that his condition, rectal bleeding, severe gastrointestinal pain, was continually getting worse every time it occurred.

18.    From May 14, 2014, through February 1, 2016, DEFENDANT CORIZON was responsible for providing medical care to inmates of the Florida Department of Corrections.  DEFENDANT CENTURION replaced

7

CORIZON as the health care provider for the Florida and assumed responsibility for MANN's healthcare around February 1, 2016, but the medical care professionals remained the same.

19.     In April 2016, MANN began to experience rapid weight loss in addition to his rectal bleeding and gastrointestinal pain. On May 22, 2016, the pain had become unbearable.  MANN put in for a sick call once again and the records will reflect that by this time, he was losing weight and not able to eat. However, he did not receive any specific medical care at all for this condition. During the next two weeks, MANN's right lung would collapse, and he would catch pneumonia and his weight loss ultimately reached forty (40) pounds. MANN once again declared a medical emergency when his lung collapsed, but they said it was from Gastroesophageal reflux disease, or GERD.

20.     In mid June, on or about June 16, MANN began experiencing uncontrollable shaking.  On June 23, 2016, MANN was admitted into the Infirmary for twenty-four (24) hours and released the next day, even though he would shake uncontrollably at night. The uncontrollable shaking would continue even after he was released from the Infirmary.

21.    On June 28, 2016, MANN showed up at medical for a routine follow up.  Even though it was 100° Fahrenheit outside, MANN was shaking uncontrollably.  The shaking was so bad that he nurse could not take his vital information.

22.    During this visit, PHYSICIAN'S ASSISTANT REMIREZ finally took action and called the hospital.  While MANN was being taken out on a stretcher, PHYSICIAN'S ASSISTANT REMIREZ said to him, "now you can get that appendix taken care of."  On June 28, 2016, MANN was transferred to Halifax Health Medical Center located at 303 N Clyde Morris Blvd, Daytona Beach, FL 32114.

23.    The refusal or inability of medical staff to treat MANN's serious, medical condition,  rectal bleeding, severe gastrointestinal pain, rapid weight loss and uncontrollable shaking, from May 2014 through June 28, 2016, based on their intentional misdiagnosis of his serious medical condition, as, either Appendix or GERD, in order to justify their refusal to spend the additional funds needed to send him to an outside medical center for a colonoscopy, is consistent with CORIZON's long-standing policy of maximizing profits on

their contract to provide medical care to inmates, instead of providing necessary medical care.

24.    Upon arriving at Halifax Health Medical Center, it was quickly determined that MANN was experiencing Stage IV Colon Cancer.

25.    The deliberate indifference of Defendants towards MANN's serious medical condition allowed his Colon Cancer to go untreated for twenty-six (26) months.

26.    MANN is afraid of dying and must live with the fact that he may die from Cancer.

27.    On July 7, 2016, MANN was released from Halifax Medical Center and sent to Lake Butler Medical Reception Center and assigned to a Hospital Ward with directions that he undergo chemotherapy as soon as possible.

28.    MANN would remain in the Hospital Ward of this Institution for around two months.

29.    On or about September 1, 2016, MANN was released from the Hospital Ward area of the Institution and moved to open compound. MANN was initially assigned to Dorm F for a week. MANN was then moved to I

10

Block for a weekend.  At some point in time, MANN ended up in Dorm D. During this entire time, MANN would be undergoing chemotherapy every two (2) weeks.

30.     On November 30, 2016, MANN initiated the administrative process by filing a formal grievance which was recieved by Prison officials.

31.     On December 19, 2016, the Warden at Lake Butler Medical Reception Center denied the grievance.  The denial was not received by MANN until January 4, 2017, or sixteen (16) days after it was denied.

32.     On January 5, 2017, MANN filed his appeal of the denial, which DOC has acknowledged receiving on January 9, 2017.

33.     MANN did not receive any acknowledgment from DOC that his appeal had been filed or received for more than thirty (30) days.

34.     On February 9, 2017, MANN wrote a letter to "The Bureau of Policy Management and Inmate Appeals," which was stamped received by DOC Inmate Grievance Appeals on February 14, 2017, or eight (8) days later.

35.     On February 16, 2017, in response to MANN's February 9, 2017 letter, the DOC Bureau of Policy Management and Inmate Appeals responded to MANN regarding the status of his appeal with an Interoffice Memorandum

11

which included a series of numbered paragraphs containing various statements of the status of appeal. The DOC checked ¶ 2, which stated, "your administrative appeal has been received in our office and is still under investigation." As soon as our investigation is complete you will receive an answer.

36.    This form implied to MANN that there was no issue with the timeliness of his appeal since there would be no need to further investigate an appeal which could have simply denied as late.

37.    However, on June 27, 2017, DOC issued a response to MANN's appeal which was filed with the Agency Clerk on June 28, 2017, stating that your request for an administrative appeal has been received in non compliance with Chapter 33. Appeals must be received in the Office of the Secretary within fifteen (15) days of the institutional response. Based on the above information your appeal is returned without action. This document was signed by T. Bowden, as Warden, Asst. Warden, or Secretary's Representative.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983 CLAIM
### AGAINST CORIZON HEALTH, INC.

38.    MANN hereby incorporates by reference the allegations contained in paragraphs 10 through 37 above, as if set forth in full herein.

39.    Count I is brought against Defendant CORIZON pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of MANN, as an individual with a serious, medical need.

40.    CORIZON had a duty as well as an ethical responsibility to develop, implement and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialists and receive appropriate medical treatment when recommended by a health care provider. CORIZON exercised deliberate indifferent to MANN's Eighth Amendment right to adequate health care for his serious, medical need – Colon Cancer– by specifically engaging in policies and procedures with the intent to protect the financial interest of CORIZON or the medical needs of inmates, such as MANN, whose medical needs have been entrusted to them by their contractual arrangement with the Florida Department of Corrections.

13

41.     Their deliberate indifference is demonstrated by CORIZON's intentional refusal to schedule MANN for a colonoscopy after DR. PEREZ PEREZ submitted her request in May of 2014, and continued to refuse this request until May of 2016, the day they lost the contract with the State of Florida. They denied this colonoscopy, in spite of, the obvious, serious, medical need, gastrointestinal pain and bloody bowel movements.

42.     CORIZON never approved DR. PEREZ PEREZ's request that MANN be sent to a medical facility where a colonoscopy could be performed to determine the cause of this serious medical problem while he was incarcerated at Holmes Correctional Institution or after he was transferred to Tomoka Correctional Institution. This failure to take recommended medical action in order to save money violated MANN's rights under the Eighth and Fourteenth Amendments to the United States Constitution to receive medical treatment for a serious, medical condition and during a time which MANN could have been provided the care which could have prevented the development of the Stage IV Cancer that he is now experiencing.

14

## COUNT II – 42 U.S.C. § 1983 CLAIM
## AGAINST CENTURION OF FLORIDA, LLC.

43.     MANN hereby incorporates by reference the allegations contained in paragraphs 10 through 37 above, as if set forth in full herein.

44.     Count I is brought against Defendant CENTURION pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of MANN, as an individual with a serious, medical need.

45.     CENTURION had a duty as well as an ethical responsibility to develop, implement and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialists and receive appropriate medical treatment when recommended by a health care provider. CENTURION exercised deliberate indifferent to MANN's Eighth Amendment right to adequate health care for his ongoing and serious, medical need, gastrointestinal pain and rectal bleeding by specifically engaging in policies and procedures with the intent to protect the financial interest of CENTURION, in conflict with the medical needs of inmates such as MANN whose medical needs have been entrusted to them by their contractual arrangement with the Florida Department of Corrections.

15

46.    Their deliberate indifference is demonstrated by their failure to insure that MANN received a timely colonoscopy in between May of 2016 and June 28, 2016, in the face of the serious medical need, gastrointestinal pain and the bloody bowel movements.

47.    During this time period did CENTURION insure that MANN was sent to a medical facility where a colonoscopy could be performed to determine the cause of this serious medical problem. This failure to take recommended medical action violated MANN's rights under the Eighth and Fourteenth Amendments to the United States Constitution to receive medical treatment for a serious, medical condition and during a time which MANN could have been provided the care which could have prevented the development of the Stage IV Cancer that he is now experiencing.

### COUNT III – 42 U.S.C. § 1983 CLAIM
### AGAINST DR. PEREZ PEREZ

48.    MANN hereby incorporates by reference the allegations contained in paragraphs 10 through 37 above, as if set forth in full herein.

49.    DR. PEREZ PEREZ was the Site Medical Director at Holmes Correctional Institution and MANN's primary care physician.

50.     MANN charges that DR. PEREZ PEREZ, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended medical care and treatment in a timely manner.

51.     MANN charges that DR. PEREZ PEREZ, from May 2014 through July 25, 2014, pursuant to the policy of CORIZON to deny medical care for economic reasons pursuant to maximizing their profit under their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

52.     The failure to take action by DR. PEREZ PEREZ was an exercise of deliberate indifference to the health safety and welfare and constitutional rights of the plaintiff, an inmate suffering from a severe and obvious medical condition, under color of state law.

53.     DR. PEREZ PEREZ, with the full knowledge of the unconstitutional nature of her actions, agreed and did exercise deliberate indifference to the safety and health of Plaintiff MANN.

17

## COUNT IV – 42 U.S.C. § 1983 CLAIM
## AGAINST PHYSICIAN'S ASSISTANT REMIREZ

54.    MANN hereby incorporates by reference the allegations contained in paragraphs 10 through 37 above, as if set forth in full herein.

55.    PHYSICIAN'S ASSISTANT REMIREZ was a Physician's Assistant Tomoka Correctional Institution.

56.    MANN charges that PHYSICIAN'S ASSISTANT REMIREZ, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended medical care and treatment in a timely manner.

57.    MANN charges that PHYSICIAN'S ASSISTANT REMIREZ, from July 25, 2014, through June 28, 2016, pursuant to the policy of CORIZON to deny medical care for economic reasons pursuant to maximizing their profit under their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

58.    The failure to take action by PHYSICIAN'S ASSISTANT REMIREZ was an exercise of deliberate indifference to the health safety and

18

welfare and constitutional rights of the plaintiff, an inmate suffering from a severe and obvious medical condition, under color of state law.

59.     PHYSICIAN'S ASSISTANT REMIREZ, with the full knowledge of the unconstitutional nature of his actions, agreed and did exercise deliberate indifference to the safety and health of Plaintiff MANN.

**COUNT V – 42 U.S.C. § 1983 CLAIM
AGAINST DR. CALDERON-GONZALEZ**

60.     MANN hereby incorporates by reference the allegations contained in paragraphs 10 through 37 above, as if set forth in full herein.

61.     DR. CALDERON-GONZALEZ was a Medical Doctor at Tomoka Correctional Institution.

62.     MANN charges that DR. CALDERON-GONZALEZ, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended medical care and treatment in a timely manner.

63.     MANN charges that DR. CALDERON-GONZALEZ, from July 25, 2014 through June 28, 2016, pursuant to the policy of CORIZON to deny medical care for economic reasons pursuant to maximizing their profit under

their contract with the State of Florida Department of Corrections to provide healthcare to inmates.

64. The failure to take action by DR. CALDERON-GONZALEZ was an exercise of deliberate indifference to the health safety and welfare and constitutional rights of the plaintiff, an inmate suffering from a severe and obvious medical condition, under color of state law.

65. DR. CALDERON-GONZALEZ, with the full knowledge of the unconstitutional nature of his actions, agreed and did exercise deliberate indifference to the safety and health of Plaintiff MANN.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF MARK MANN, respectfully prays this Honorable Court for entry of judgment awarding him the following relief:

A. A declaration that the acts and omissions of the defendants described herein violated MANN's Eighth and Fourteenth Amendments protection from cruel and unusual punishment through the exercise of deliberate indifference.

B.      Compensatory damages against Defendant CENTURION in an amount to be determined by the jury.

C.      Compensatory damages against Defendant CORIZON in an amount to be determined by the jury.

D.      Compensatory damages against each named Defendant in their individual capacities in an amount to be determined by the jury.

E.      Punitive damages against Defendant CENTURION in an amount to be determined by the jury.

F.      Punitive damages against Defendant CORIZON in an amount to be determined by the jury.

G.      Punitive damages against each named Defendant in their individual capacities in an amount to be determined by the jury.

H.      Recovery of all fees and costs of this action.

I.      Any further relief this Court deems just, proper and equitable.

Plaintiff respectfully demands a jury trial on all issues so triable

**VERIFICATION**

I affirm, under the penalty of perjury, that the foregoing document is true and correct

to the best of my personal knowledge, information and belief.

MARK MANN

Respectfully submitted,

GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
MARK MANN

22