IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK MANN,

    Plaintiff,

v.                                                Case No. 1:17-cv-241-AW-GRJ

DR. C. CALDERON, et al.,

    Defendants.

_____/

## **FINAL ORDER**

Mark Mann, a Florida prisoner, sued over his medical treatment. The defendants included two private contractors providing inmate healthcare services and three medical professionals those companies employed. Mann voluntarily dismissed some of his claims as to some defendants, *see* ECF No. 133, and the remaining defendants moved for summary judgment, ECF No. 130. The magistrate judge recommends granting summary judgment as to all but one—Dr. C. Calderon. ECF No. 142. Mann has not filed any objection, but Dr. Calderon has. ECF No. 143. I agree with Dr. Calderon as to the claim against him, and I agree with the magistrate judge as to the claims against the others. This order grants final summary judgment to defendants Corizon Health, Inc., Dr. E. Perez-Perez, Dr. Calderon, and M. Remirez, P.A.

The facts are set out in the report and recommendation. ECF No. 142 at 6-10, 15-24. Leading up to his one and only relevant interaction with Dr. Calderon, Mann

1

put in a sick-call request on January 20, 2015, reporting abdominal pain. ECF No. 128-1 at 11 ("I think that I have an ulcer. I've been having stomach pains, constant diarrhea and sometimes blood in my stool."). A nurse saw him two days later and recommended a physician evaluation. ECF No. 135-1 (Beckham Decl.) ¶ 4. A week after that, Dr. Calderon saw Mann. ECF No. 128-1 at 7, 13. Mann also complained to prison medical staff about stomach pains, diarrhea, and bloody stools. *Id.*; Beckham Decl. ¶ 4; *see also* ECF No. 128-2 ¶ 2.

Dr. Calderon diagnosed Mann with GERD, and he ordered labs, an x-ray, and fecal occult blood tests. Beckham Decl. ¶ 4. Dr. Calderon also prescribed Imodium and Protonix. *Id.* The x-ray exam (which an outside company performed and different doctor reviewed) did not show anything particularly alarming. ECF No. 128-1 at 14 (radiology report showing Dr. William Cooper, M.D., reviewed the exam, which "demonstrate[d] a paucity of bowel gas" and showed "no evidence [sic] of obstruction"); *see also* Beckham Decl. ¶ 4 (Plaintiff's expert describing the x-ray results as "essentially normal").

After this series of interactions in early 2015, Mann had only one other interaction with prison medical staff until June 2016—more than a year later. (Dr. Calderon does not appear to have been involved in that interaction, ECF No. 128-1

2

at 18.)[1] Then, Mann complained of weight loss, abdominal pain, and a fever. *See* ECF No. 128-3 ¶ 4. Doctors diagnosed him with colon cancer, leading to surgery and chemotherapy. *Id.*

The thrust of Mann's claim against Dr. Calderon is that Dr. Calderon should have done more and could have diagnosed the colon cancer earlier. Mann relies on a declaration from his retained expert, Dr. Heath Beckham. Beckham Decl.[2] According to Dr. Beckham, Mann "should have definitely been referred for further evaluation by a specialist for consideration of colonoscopy or CT scan." *Id.* ¶ 9. Dr. Beckham's professional opinion is that "the standard of care was not met." *Id.* ¶ 7. As to Dr. Calderon specifically, Dr. Beckham found that he "substantially deviated from the standard of care," *id.*, and "was grossly negligent in that he did not provide

---

[1] In March 2015, Mann submitted an inmate request again complaining of pain and periodic bloody stools and asking if there would be additional tests. ECF No. 128-1 at 18. He received a response saying a doctor had reviewed his lab work but had not ordered any follow-up. *Id.* Although the record shows that Dr. Calderon may have seen Mann again in June 2016, ECF No. 129-1 at 24-25, 32-33, Mann has dismissed his claims arising from conduct that occurred after May 15, 2016. ECF No. 132; *see also* ECF No. 133.

[2] Dr. Calderon moved to strike Dr. Beckham's expert declaration because Mann did not timely disclose him as an expert. ECF No. 126. The magistrate judge denied that motion, concluding that the remedy was drastic and any prejudice could be addressed. ECF No. 141 at 5. Dr. Calderon asks me to overrule that denial, ECF No. 143, but because I conclude it would make no difference, I do not address it. Even fully considering Dr. Beckham's expert declaration, Dr. Calderon is entitled to summary judgment.

such care as reasonably prudent healthcare providers practicing in the same field would have provided under similar circumstances," *id.* ¶ 12.

Nobody has challenged Dr. Beckham's qualifications as a medical expert—he is board certified in general surgery and colon and rectal surgery—and his declaration says he is familiar with the applicable standard of care. *Id.* ¶ 1. And if this were a malpractice case, the declaration likely would defeat summary judgment. But this is not a malpractice case; Mann had to show far more. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations."). Mann had to come forward with evidence from which a jury could find deliberate indifference, and he has not done that.

To show deliberate indifference Mann had to show that Dr. Calderon's treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Thigpen*, 941 F.2d at 1505); *see also Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (treatment must be "poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law" (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) (alterations omitted)). Viewing the evidence in a light most

favorable to Mann, the best he has shown is malpractice or misdiagnosis.[3] That is not enough. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The undisputed evidence shows that Mann saw Dr. Calderon only once during the relevant period, and that Dr. Calderon ordered lab work and proscribed medication for Mann's irritable bowel. Mann's expert contends this was not enough—that Dr. Calderon breached the standard of care by not ordering additional testing or referring Mann to a specialist to consider a colonoscopy or CT scan. Beckham Decl. ¶ 9. But this is exactly the type of conduct that the Supreme Court has repeatedly held does not amount to deliberate indifference. *Estelle*, 429 U.S. at 105-06 ("[I]n the medical context, an inadvertent failure to provide adequate medical

---

[3] As the magistrate judge noted, the Eleventh Circuit has described the deliberate-indifference standard as requiring more than *gross* negligence, while at other times saying it requires more than *mere* negligence. ECF No. 142 at 11 (citing *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020)). I conclude that even if Mann only had to show more than *mere* negligence, he has not done so. Regardless, as the Eleventh Circuit explained, "[t]hese competing articulations—'gross' vs. 'mere' negligence—may well represent a distinction without a difference." *Patel*, 969 F.3d at 1188 n.10. After all, the Supreme Court "has likened the deliberate-indifference standard to 'subjective *recklessness* as used in the criminal law.' Accordingly, no matter how serious the negligence, conduct that can't fairly be characterized as *reckless* won't meet the [deliberate-indifference] standard." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994)).

care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" (citation omitted)); *see also Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1274 (11th Cir. 2020) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [cannot] support a claim of cruel and unusual punishment." (quoting *Thigpen*, 941 F.2d at 1505)); *Hoffer*, 973 F.3d at 1271 ("The deliberate indifference standard is far more onerous than normal tort-based standards of conduct sounding in negligence, and is in fact akin to subjective recklessness as used in the criminal law." (quoting *Swain v. Junior*, 961 F.3d 1276, 1287-88 (11th Cir. 2020)) (cleaned up)); *Massey v. Montgomery Cnty. Det. Facility*, 646 F. App'x 777, 781 (11th Cir. 2016) ("Disputes about the proper course of treatment or the timing of treatment do not give rise to viable § 1983 claims." (citing *Estelle*)); *cf. Matthews v. Palte*, 282 F. App'x 770, 771 (11th Cir. 2008) ( "[Inmate's] complaint that his condition was misdiagnosed as spider bites and mistreated with steroid creams does not state a claim of deliberate indifference" because "allegations of misdiagnosis and inadequate treatment involve no more than medical negligence").

It is true that Dr. Beckham's declaration says Dr. Calderon was "grossly negligent." Beckham Decl. ¶ 12. But that does not help. The term "gross negligence" is a legal standard, not a medical one, and Dr. Beckham's opinion that Dr. Calderon

6

was grossly negligent is a legal conclusion, not evidence. On summary judgment, a court cannot accept an expert's legal conclusions; it must instead "examine the expert affidavit itself to see if a genuine dispute of material fact is presented." *Lucky Cap. Mgmt., LLC v. Miller & Martin, PLLC*, 828 F. App'x 533, 537 (11th Cir. 2020); *see also Omar v. Babcock*, 177 F. App'x 59, 63 & n.5 (11th Cir. 2006) (affirming summary judgment and noting that trial court properly disregarded portions of expert's affidavit "contain[ing] legal conclusions as to whether [defendants] acted with deliberate indifference"); *United States v. Spitzer*, 245 F. App'x 908, 911 (11th Cir. 2007) ("A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991))).

Dr. Beckham's declaration says "grossly negligent," but it offers no facts to back that up. Indeed, in explaining *how* Dr. Calderon was supposedly "grossly negligent," Dr. Beckham points only to breaching the standard of care: "It is my opinion that Dr. Calderon was grossly negligent *in that he did not provide such care as reasonably prudent healthcare providers practicing in the same field would have provided under similar circumstances*." Beckham Decl. ¶ 12 (emphasis added).

7

Again, "deliberate indifference is *not* a constitutionalized version of common-law negligence." *Hoffer*, 973 F.3d at 1271 (quoting *Swain*, 961 F.3d at 1287-88).[4]

At bottom, there is no evidence from which a reasonable jury could conclude that Dr. Calderon was deliberately indifferent to Mann's serious medical needs. I therefore conclude that Dr. Calderon is entitled to summary judgment. I also conclude that the other defendants are entitled to summary judgment for the reasons the magistrate judge explains.

IT IS ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 142) is overruled to the extent it recommends denying summary judgment as to Dr.

---

[4] The report and recommendation says Dr. Calderon "do[es] not dispute that [Mann]'s condition when Dr. Calderon treated him was an objectively serious one." ECF No. 142 at 23. Dr. Calderon takes issue with this, saying he made no such concession. He acknowledges that colon cancer is a serious medical condition, but he maintains that "there is no evidence it was present" when he saw Mann in 2015. ECF No. 130 at 10; *see also* ECF No. 139 at 2 ("There is simply no proof of a serious medical need that went unmet."). Dr. Calderon acknowledges that he diagnosed Mann with GERD, which is also a serious medical condition, but says that appropriate treatment was provided for that condition. ECF No. 139 at 2. Nothing in Mann's medical records (or Dr. Beckham's declaration) indicate that Mann had cancer back in 2015 when Dr. Calderon saw him. (Dr. Beckham does state that "[m]aking the diagnosis of colon cancer 16 months sooner . . . could have altered Mr. Mann's prognosis significantly," Beckham Decl. ¶ 12, but he stops short of saying that Mann had colon cancer in 2015 or that a colonoscopy would have led to such a diagnosis.) Ultimately, I need not decide whether there was an objectively serious medical condition at the relevant time because, assuming there was, I conclude Mann cannot show deliberate indifference.

Calderon. It is adopted in all other respects. All of Section II, Section III, and Section IV (except for IV.C) are incorporated into this order.

2. The clerk will enter judgment stating, "This case was resolved on summary judgment as to Defendants Corizon Health, Inc., Dr. E. Perez-Perez, Dr. C. Calderon, and M. Remirez, P.A. The claims against Centurion were previously dismissed with prejudice on the parties' stipulation. All claims are now dismissed on the merits. Plaintiff Mark Mann shall recover nothing from this action." The clerk will then close the file.

SO ORDERED on March 30, 2021.

s/ *Allen Winsor*  
United States District Judge